UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS, | Case No. 1:20-cv-70-AWI-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION[1] |
| v. | |
| R. MILAM, ET. AL. | (Doc. No. 102) |
| Defendants. | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is Plaintiff's pleading titled "motion for injunction CDCR to removal/dismissal of all disciplinary actions (June 2020-June 2021) for violations of the 1st Amendment of the U.S. Constitution," filed June 7, 2021, construed as a motion for preliminary injunction. (Doc. No. 102, "Motion"). For the reasons below, the undersigned recommends Plaintiff's Motion be denied.

## I. BACKGROUND & FACTS

Plaintiff Richard A. Evans, a state prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on January 14, 2020. (Doc. No 1). On April 6, 2020, the former magistrate judge issued a screening order and determined the complaint

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

failed to state a claim but permitted Plaintiff an opportunity to file an amended complaint. (Doc. No. 15). After being granted a 60-day enlargement of time (Doc. No. 28), Plaintiff filed his First Amended Complaint on August 24, 2020. (Doc. No. 34, FAC). The Court has not yet conducted its § 1915 screening on the FAC. (*See* docket).

The FAC identifies approximately 28 defendants. (Doc. No. 34 at 1). The FAC lists seven claims for relief. (*Id.* at 1-7). The FAC complains, *inter alia*, that certain conditions of Plaintiff's confinement at the California Substance Abuse and Treatment Facility ("SATF") violate the Eighth Amendment. (*Id.* at 1-7). In particular, Plaintiff points to various structural and water leakage issues that he believes are hazardous. (*Id.*). The FAC, however, also includes unrelated claims, ranging from retaliation, correctional officials' purported failure to adequately respond to Plaintiff's inmate grievances, officials' failure to follow Covid-19 protocols, and interference from officials with Plaintiff's access to the courts stemming from the law library closure. (*Id.*). As relief, Plaintiff seeks monetary damages totaling $400,000.00. (*Id.*).

In the Motion, Plaintiff challenges the CDCR's new exhaustion procedures. (Doc. No. 102 at 1). Specifically, Plaintiff alleges that in March 2020, CDCR repealed the "602" process and was supposed to replace the former process with a new "Title 15," but has failed to do so. (*Id.*) Plaintiff claims no one has a copy of the newly implemented exhaustion procedures. (*Id.*). As a result, Plaintiff alleges that his due process rights are being violated. (*Id.*).[2] As relief, Plaintiff seeks: (1) dismissal of all disciplinary actions from June 2020 to June 2020; (2) grievance number 69547 be deemed "granted" because CDCR has not timely responded to it; and (3) any grievance CDCR rendered "inconclusive" instead be deemed "granted" if CDCR does not respond to the grievance within the 60-day limitation period. (*Id.* at 1).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and

---

[2] Notably, the instant Motion consists primarily of one-page, but Plaintiff attaches 100 additional pages of documents he calls "exhibits." (*See* Doc. No. 102). Plaintiff does not reference the additional 100 pages, or otherwise provide pinpoint cites to those exhibits, on his one-page Motion. (*Id.* at 1). It is not the Court's role to review voluminous exhibits not cited or otherwise referenced in a litigant's motion to glean arguments or support on behalf of a litigant.

requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a). Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date. L.R 231 (a)-(b) (E.D. Ca. 2019). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

A preliminary injunction is "an extraordinary remedy" and may be issued only if Plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction or a temporary restraining order will not issue if Plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The injunctive relief an applicant requests must relate to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a Plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Absent a nexus between the injury

3

| | |
|---|---|
| 1 | claimed in the motion and the underlying complaint, the Court lacks the authority to grant |
| 2 | Plaintiff any relief. *Id.* at 636. |
| 3 |       The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner |
| 4 | litigants seeking preliminary injunctive relief against prison officials. In such cases, |
| 5 | "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to |
| 6 | correct the harm the court finds requires preliminary relief, and be the least intrusive means |
| 7 | necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*, |
| 8 | 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA |
| 9 | places significant limits upon a court's power to grant preliminary injunctive relief to inmates, |
| 10 | and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the |
| 11 | bargaining power of prison administrators—no longer may courts grant or approve relief that |
| 12 | binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of* |
| 13 | *the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The Court's jurisdiction is "limited |
| 14 | to the parties in this action" and the pendency of an action "does not give the Court jurisdiction |
| 15 | over prison officials in general or over the conditions of an inmate's confinement unrelated to the |
| 16 | claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020). If a |
| 17 | prisoner has been transferred, any sought injunctive relief against the previous facility becomes |
| 18 | moot if the prisoner "has demonstrated no reasonable expectation of returning to [the prison]." |
| 19 | *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Florence v. Kernan*, 813 F. App'x 325, 326 |
| 20 | (9th Cir. 2020). Finally, state governments have "traditionally been granted the widest latitude in |
| 21 | the dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations |
| 22 | omitted). This deference applies even more strongly when the court is asked to involve itself in |
| 23 | the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v.* |
| 24 | *Conner*, 515 U.S. 472, 482-83 (1995). |

### III. DISCUSSION

      The Court finds Plaintiff has not satisfied his burden to justify issuing a preliminary injunction. The relief Plaintiff seeks in the Motion does not relate to the conditions of confinement claims brought in the FAC. *See Pac. Radiation Oncology.*, 810 F.3d at 633.

| | |
|---|---|
| 1 | Specifically, the claims set forth in the FAC pertain mainly to the conditions of Plaintiff's |
| 2 | confinement, *e.g.* leaking roofs, standing water, and mold, among other structural conditions. |
| 3 | The FAC does not raise any claims concerning CDCR's revised exhaustion procedure, or Due |
| 4 | Process Claim related thereto.  As set forth above, a plaintiff seeking extraordinary relief must |
| 5 | show his or her case is likely to succeed on the merits.  Here, the relief Plaintiff seeks is wholly |
| 6 | unrelated to the claims raised in the FAC, so he has not shown a likelihood of success on the |
| 7 | merits.   Moreover, Plaintiff does not address any of the factors to warrant issuance of an |
| 8 | injunction.  (*See* Doc. No. 102 at 1). |

According, it is **RECOMMENDED**:

Plaintiff's motion for a preliminary injunction (Doc. No. 102) be denied.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen-days (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE