UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>   Plaintiff,<br><br>  v.<br><br>R. MILAM; FNU LEFFMAN; S. SHERMAN,<br><br>   Defendants. | Case No. 1:20-cv-00070-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S JUDICIAL NOTICE; STRIKING NOTICE; AND DIRECTING CLERK TO STRIKE AND RETURN ANY FUTURE PLEADING IMPROPERLY FILED AND/OR NOT RECOGNIZED BY FED. R. CIV. P.<br><br>(Doc. Nos. 126, 127) |

  Plaintiff Richard Evans ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff's First Amended Complaint is currently awaiting screening. (*See* docket). Pending before the Court is Plaintiff's one-page notice and a "judicial notice" consisting of ten-pages of inmate grievances, a log of inmate grievances, and copies of CDCR policies, filed July 16 and July 19, 2021, respectively. (Doc. Nos. 126, 127).

  A review of the docket shows more than 100 docket entries as of the date on this order, primarily consisting of Plaintiff's prolific filing of requests for "judicial notice," "notices," or other random filings. Plaintiff's filings are often in letter-like format, not bearing the caption of the case, not labeled as a motion, and not seeking any relief. These notices are often filed within days of one another, or several are filed on the same date. Most of the notices contain allegations or documents regarding events that occurred after this lawsuit was initiated, and none of them

contain the types of adjudicative facts that are judicially noticeable.[1] The undersigned has issued numerous orders notifying Plaintiff that his filings do not constitute a proper pleading under the Court's procedural rules. (*See* Doc. Nos. 117, 121, 123).

Specifically, on July 9, 2021, the Court warned Plaintiff that he should refrain from filing his requests and/or communications directed at correctional officials with the Court. Plaintiff was also warned that, in the future, documents requesting a court order must be styled as a "motion," rather than a letter or a notice, and specify what relief is requested. (Doc. No. 117). Further, Plaintiff is not a stranger to this Court, he has filed other civil rights actions as a prisoner and previously been warned by other judges about repeatedly filing judicial notices. *See e.g.* Case No. 1:19-cv-00226-DAD-BAM(PC)(Doc. No. 32)(advising Plaintiff what the Court can properly take "judicial notice" of and warning *inter alia* that future notices unrelated to the claims in the action will not be accepted for court filing). Since the Court's July 9, 2021 Order was issued, Plaintiff was not dissuaded and has continued to file notices despite the Court's admonitions. Therefore, the Court directs the Clerk of Court: (1) not to accept for filing any document from Plaintiff submitted to the Court that does not contain the case caption and is not properly styled as a motion or another pleading recognized under the Federal Rules of Civil Procedure; and (2) to return the document to Plaintiff. Plaintiff's request for judicial notice is denied and his notice is stricken.

Accordingly, it is **ORDERED**:

1. Plaintiff's request for judicial notice (Doc. No. 127) is DENIED.
2. The Clerk shall strike Plaintiff's notice (Doc. No. 126).
3. Plaintiff is advised that documents submitted to the Court after the date on this Order that are not properly styled as a motion or other pleading recognized under the Federal Rules of Civil Procedure will be stricken from the record or returned to him without further notice.

---

[1] Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

4. The Clerk of Court shall not file any document from Plaintiff submitted to the Court that does not contain the case caption and is not properly styled as a motion or a proper pleading recognized under the Federal Rules of Civil Procedure and shall return the document to Plaintiff. The Clerk may contact chambers prior to returning any document for direction if necessary.

Dated:   July 21, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE