UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. EVANS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MILAN, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:20-cv-70-AWI-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 34) |

This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 52). Plaintiff Richard A. Evans, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 on January 14, 2020. (Doc. No 1). Plaintiff's First Amended Complaint is before the Court for screening. (Doc. No. 34, "FAC"). The undersigned recommends that this action be dismissed under 28 U.S.C. § 1915A for failure to state a claim.

**I. BACKGROUND**

**A. Procedural Posture**

A review of the docket reveals that Plaintiff has previously qualified as a three-striker

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

under § 1915(g), but the former magistrate judge determined Plaintiff met the exception for imminent physical injury to proceed in this action. (Doc. No. 10). The former magistrate judge also issued a screening order on the complaint on April 6, 2020 and determined the complaint failed to state a claim but permitted Plaintiff an opportunity to file an amended complaint. (Doc. No. 15). As noted *infra*, the order affording Plaintiff an opportunity to file an amended complaint expressly prohibited Plaintiff from adding any unrelated claims or defendants to his amended complaint. (*Id.*). After being granted a 60-day enlargement of time (Doc. No. 28), Plaintiff filed his First Amended Complaint on August 24, 2020. (Doc. No. 34, "FAC"). On September 7, 2021, Plaintiff filed an appeal to the Ninth Circuit Court of Appeals, seeking an order directing this Court to screen the FAC. (Doc. No. 138). That appeal remains pending.

**B. Summary of the FAC**

On July 13, 2020, the former magistrate judge screened the complaint and found it failed to state any claims. (Doc. No. 15). The initial complaint identified only three defendants. (Doc. No. 1 at 1). The FAC identifies 27 defendants. (Doc. No. 34 at 1). The FAC lists seven claims for relief. (*Id.* at 1-7). Generally, the FAC raises concerns with Plaintiff's conditions of confinement at the California Substance Abuse and Treatment Facility ("SATF"), alleging the structural conditions and water leakage violate the Eighth Amendment of the United States Constitution. (*Id.* at 1-7). The FAC, however, includes unrelated claims as well, ranging from correctional officials' purported failure to adequately respond to Plaintiff's inmate grievances, failure to follow Covid-19 protocols, and interference with access to the courts stemming from the law library closure. (*Id.*).

In claims one through three, Plaintiff complains about the following conditions at SATF:

- Leaking of the roof in multiple locations due to missing roof tiles;
- Missing roof tiles exposing roof insulation and building materials Plaintiff alleges are hazardous;
- Wet tables and floors due to the leaking roof;
- Flooding and pool in eating areas, A & B sides;
- Falling debris in eating areas due to water leakage;

- Flooding/standing water outside on the yard due to no working drains;
- Broken urinal; inoperable sinks and showers, toilets back-up routinely;
- Mold and other bacteria due to standing water outside;
- Black mold on the walls, poor air circulation;
- Overcrowded cells;
- Poor climate control inside the facility;
- Sanitation issues- dust and dirt coming out of the air vents.

Also, in claims one through three, Plaintiff alleges, in a conclusory fashion, that SATF staff has subjected him to harassment and retaliation in response to his filing grievances regarding the prison conditions.

(Doc. No. 34 at 3-4).

In claim four, Plaintiff directs the facts to the SATF's administrative grievance process, alleging "abuse and failure." (*Id.* at 4). Plaintiff alleges he has filed multiple grievances concerning the above-mentioned conditions of confinement and Defendants minimized his complaints or have otherwise ignored them. (*Id.* 4).

In claim five, Plaintiff alleges his ability to access the law library has been impeded by a three-month law library closure. (*Id.* at 5). Plaintiff claims his inability to access the law library has interfered with his right to access the courts and he has filed multiple enlargements of time in his cases, including his state habeas corpus petitions pending before Kings County Superior Court. (*Id.*).

In claim six, Plaintiff alleges his cell has been randomly searched, for no reason. He alleges unspecified "mail violations," without further factual support, loss of property and programming, and that his grievances were disregarded. (*Id.* at 6).

In claim seven, Plaintiff alleges that SATF has failed to follow Covid-19 health and safety protocols as of August 2020. (*Id.* at 7). Plaintiff alleges SATF officials initially decreased cell capacity from 8 to 6 or 7 inmates, but as of August 2020, permitted 8 inmates per cell. (*Id.*). Additionally, correctional official started to allow contact sports to resume "when the [inmates] did not receive any notices of Covid-19 protocol changes" and failed to test quarantined inmates

for Covid-19.  (*Id.*).

As relief, Plaintiff seeks monetary damages totaling $400,000.00.  (*Id.*).

## II.  APPLICABLE LAW

### A.  Screening Requirement

Under 28 U.S.C. § 1915A, the Court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees.  *See* 28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the Court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Rex Hosp. Tr.,* 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the Plaintiff and resolve all doubts in the Plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The Court is not required to accept as true conclusory allegations, unreasonable

4

inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Examples of immunity from relief for consideration during screening, include, but are not limited to, quasi-judicial immunity, sovereign immunity, also referred to as Eleventh Amendment Immunity, or qualified immunity. Additionally, a Plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a Plaintiff must allege physical injury that need not be significant but must be

5

more than *de minimis*, except when involving First Amendment claims. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (surveying other circuit courts for the first time to address injury requirement for monetary damages, and agreeing with the Second, Fifth, and Eleventh Circuits on Prison Litigation Reform Act's injury requirement).

Finally, the Federal Rules of Civil Procedure permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the "same transaction, occurrence, or series of transactions or occurrence" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But the Rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits.

**B. Section 1983**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a Plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). The plaintiff can satisfy the causation requirement by showing either: (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation. *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode*, 423 U.S. 362, (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

///

# III. ANALYSIS

## A. Unrelated Claims in FAC

As an initial matter, Plaintiff was directed that he may not include unrelated claims or additional defendants in his FAC. *See* (Doc. No. 15 at 3) ("Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint."). Despite this instruction, Plaintiff added four new, unrelated claims and 24 new defendants to the FAC. Local Rule 110 permits the Court to imposes "any of all sanctions authorized by statue of Rule or within the inherent power of the Court" for a party's failure to comply with a court order. Local Rule 110. Fed. R. Civ. P. 41(b) vests the Court with discretion to *sua sponte* involuntarily dismiss an action for a party's failure to comply with a court order. *Slack v. McDaniel*, 529 U.S. 473 (2000). The undersigned recommends the unrelated claims and defendants be dismissed for Plaintiff's willful violation of the Court's order. In an abundance of caution, the undersigned nonetheless addresses each of Plaintiff's claims below.

## B. Claims 1-3: Eighth Amendment Conditions of Confinement

In claims one through three, Evans complains of the conditions in his place of confinement and states staff retaliated against him for filing grievances related to the prison's conditions. According to the FAC, there is leaking, flooding, and falling debris in the "chow" hall; flooding and standing water, a broken urinal and shower, and mold in the "F" yard; and mold, overcrowding, poor climate control, and leaking in cells in the "F yard building." (Doc. No. 34 at 3-4). Based on the nature of Plaintiff's allegations, his claims are properly brought for violation of his rights under the Eighth Amendment of the United States Constitution, which requires prison officials to provide adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). However, not every injury that a prisoner sustains while in prison represents a constitutional violation. *Id.* Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized

measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

In examining whether the relevant deprivation is objectively, sufficiently serious, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise— for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991). However, "[t]o say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* at 305.

Moreover, "[t]he circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), cert. denied, 532 U.S. 1065 (2001). "Usually, a more offensive condition will be of constitutional significance when it exists for even a short time, while a less offensive condition will be of constitutional significance only when it has existed for a much longer time." *Cockcroft v. Kirkland*, 548 F.Supp.2d 767, 775 (N.D. Cal. 2008). Long-term unsanitary conditions violate the Eighth Amendment. *See, e.g., Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted, stagnant pools of water infested with insects, and a lack of cold water even though the

temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions). However, unsanitary conditions for a short period of time may not violate the Eighth Amendment. *See Anderson*, 45 F.3d at 1314-15, as amended, 75 F.3d 448 (placement of violent and mentally disturbed inmates in safety cell that was dirty and smelly with a pit toilet for short duration (up to one day) did not violate Eighth Amendment).

Here, Plaintiff provides sparse details as to the amount of time the conditions have been present. He has also not provided any detail as to any damages he has personally sustained as a result of the conditions to show that prison officials have been deliberately indifferent to a substantial risk of harm. Finally, Plaintiff has not stated which Defendants have taken specific actions to violate his rights. Rather, Plaintiff presents a generalized list of the prison's conditions without tying any particular Defendant's actions or inactions to the alleged violations.

Plaintiff's initial complaint suffered from the same deficiencies. In affording Plaintiff an opportunity to file an amended complaint, the former magistrate judge advised Plaintiff of the law and how to cure the deficiencies. Plaintiff did not cure the deficiencies. Accordingly, the Court finds that claims one through three fail to state a cognizable claim and should be dismissed.

**C. Claim 4: Prison Grievances**

**1. Prison Grievance Process**

Plaintiff claims, in part, that prison staff's rejection of his prison grievances has violated his due process rights. (Doc. No. 34 at 4). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, actions seeking review of a prisoner's administrative appeal generally cannot serve as the basis for liability in a § 1983 action. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Only persons who cause or participate in the underlying alleged constitutional violations of which the prisoner grieves can be held responsible for the violation—"ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Haney v. Htay*, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *12 (E.D. Cal. Feb. 21, 2017) (citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005)). Here, Plaintiff does not claim that his access to the prison grievance procedure is being denied. Rather, he claims that his

grievances have been wrongly cancelled or rejected "out of prejudice." (Doc. No. 34 at 4). Therefore, to the extent that Plaintiff alleges that any of the Defendants failed to properly process his appeals or he challenges the decisions to his appeals, Plaintiff fails to state a cognizable § 1983 claim.

### 2. Retaliation

In claim four and in part in all of Plaintiff's other claims, Plaintiff generally alleges that SATF staff is retaliating against him for filing prison grievances. (*See generally* Doc. No. 34). The right of access to courts applies to prison grievance proceedings. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), abrogated in part on other grounds by *Shaw v. Murphy*, 532 U.S. 223 (2001); *see also Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment rights to file prison grievances."); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) ("[P]risoners have a First Amendment right to file prison grievances.").

To prevail on a claim founded on retaliation under the First Amendment, a plaintiff must show that: (1) he engaged in a protected conduct; (2) a state actor took some adverse action against him; (3) the protected conduct was a "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, Plaintiff states that he has engaged in protected conduct—the filing of prison grievances. However, in claim four he fails to state what specific adverse actions were taken against him for filing the prison grievances by any specific Defendants.[2] Rather, Plaintiff only generally mentions "harassment," "prejudice," and "retaliation." The Court cannot decipher any specific adverse actions, much less find that Plaintiff's filing of prison grievances was a substantial or motivating factor behind any adverse action. Accordingly, the Court finds that Plaintiff's claim four should be dismissed for failure to state a claim.

---

[2] Plaintiff's other retaliation claims are addressed *infra*.

10

**D. Claim 5: Law Library Access**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), limited in part on other grounds by *Lewis*, 518 U.S. at 354; *Entler v. Gregoire*, 872 F.3d 1031, 1039 (9th Cir. 2017) ("The most fundamental of the constitutional protections that prisoners retain are the First Amendment right[] . . . to pursue civil rights litigation in the courts, for '[w]ithout those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.'" (quoting *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005)). The right to access the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However, prisoners are not guaranteed a "particular methodology but rather the conferral of a capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. "It is that capability rather than the capability of turning pages in a law library, that is the touchstone" of the right of access to the courts. *Id.* at 357.

To state an access to courts claim, a prisoner must allege and establish that he or she has suffered an actual injury. *See id.* at 349; *Madrid*, 190 F.3d at 996. Actual injury means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348-49). The right of access to the courts is only a right to bring complaints to the federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *See Lewis*, 518 U.S. at 354–55; *Madrid*, 190 F.3d at 995; *Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) ("[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action."). In order to allege an "actual injury," a plaintiff must identify: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim;

11

and (3) a "remedy available under the access claim and presently unique to it" that is "not otherwise available in some suit that may yet be brought." *Harbury*, 536 U.S. at 415, 417-18. However, even if delays in providing legal materials or assistance result in actual injury, they are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

In his FAC, Plaintiff claims that law library closures have altered his "litigation and established state and federal court deadlines." (Doc. No. 34 at 5). Plaintiff states that SATF implemented a law library paging system due to the coronavirus pandemic, and this had caused delays of 14 days to receive legal cases. He also states he suffered time delays in filing his state habeas corpus petitions, claims before the state auditor and state claims board, and that he had to seek extensions of time in his pending federal cases. (*Id.*). Plaintiff also states that he was not afforded access to copies and legal supplies and that SATF librarians read his legal mail.

The Court finds that Plaintiff has failed to allege an "actual injury," as required by *Lewis*. Plaintiff has not identified the nonfrivolous, arguable underlying claim or claims, pled in accordance with Federal Rule of Civil Procedure 8(a), that he was unable to make. Moreover, Plaintiff has not claimed that he was unable to initiate his various cases, nor has he claimed that he missed the statute of limitations for any of his various cases. Rather, it appears that Plaintiff, like many other inmates, have had restricted access to the law library and other services as a result of the COVID-19 pandemic. The Court finds that such delays are reasonably related to legitimate penological interests—namely the health and safety of inmates and staff. *See Lewis*, 518 U.S. at 362. Accordingly, Plaintiff has failed to state an access to court claim and the Court recommends this claim be dismissed.

**E. Claim 6: Loss of Property and Programming, Job Placement, Cell Searches, Legal Mail**

Plaintiff complains that SATF staff improperly took his legal paperwork, radio, light, and guitar. (Doc. No. 34 at 6). Plaintiff also complains that SATF "shut down" its music program. (*Id*). Plaintiff complains that he was not assigned his desired job placement, the timing of which would have allowed him easier access to the law library during open hours. (*Id.*). Plaintiff

12

complains that he was subjected to cell searches where SATF staff would "mess things up" in retaliation for filing grievances. (*Id*.). Finally, Plaintiff claims that SATF staff opened his legal mail in retaliation for his "false child molestation charges" and for filing grievances. (*Id*.).

### 1. Loss of Property

The Fifth Amendment requires the Government to pay just compensation when it takes property and applies to both personal and real property. U.S. Const., Amdt. 5; *Horne v. Dep't of Agriculture*, 576 U.S. 350, 359-360 (2015). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a [constitutional] violation . . . if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *King v. Massarweh*, 782 F.2d 825, 827 (9th Cir. 1986) ("[P]ost-deprivation proceedings are sufficient to meet due process standards."). A claim pursuant to § 1983 for deprivation of property does not arise "unless and until the State fails to provide" an adequate process to remedy the claimed deprivation of property. *See Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990). "Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate." *Hudson v. Palmer*, 468 U.S. at 539 (J. O'Connor, concurrence).

Here, Plaintiff complains that his legal paperwork, radio, light, and guitar were taken from him by SATF staff. (Doc. No. 34 at 6). California law permits civil tort claims against public officials under the Government Claims Act, which the Ninth Circuit has held to be an adequate post-deprivation remedy for any property deprivation. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994); Cal. Gov't Code §§ 810-895; *see also Stribling v. Wilson*, 770 Fed. Appx. 829, 830 (9th Cir. May 23, 2019) (dismissing claims that a prisoner was wrongfully deprived of personal property and noting that California law provides an adequate post-deprivation remedy). Because Plaintiff has an adequate post-deprivation remedy through California state law, his lost property allegations fail to state a federal claim. *See King*, 782 F.2d at 827 (Plaintiff is "relegated to the post-deprivation remedies available through the civil tort law process for [his] due process claims."). Accordingly, the undersigned recommends that Plaintiff's lost property claim be

1  dismissed.

### 2. Programming

Plaintiff has failed to state a conditions of confinement claim based on a lack of music programming. The Court's independent search has not found any case law or other federal authority that holds that a lack of music or an arts programing violates the Eighth Amendment. *See Villareal v. Cty. of Fresno*, No. 1:15-cv-01410-DAD-EPG (PC), 2019 U.S. Dist. LEXIS 14948, at *18 (E.D. Cal. Jan. 29, 2019). Accordingly, Plaintiff's conditions of confinement claim based on a lack of music programming should be dismissed.

### 3. Job Placement

Plaintiff complains that SATF staff purposely placed him in jobs that prevented him from using the law library in retaliation for filing prison grievances. As an initial matter, prisoners do not have a constitutional right to a job while in prison, much less a right to a specific or desired job placement. *See Marks v. Stewart*, 68 F. App'x 53, 54 (9th Cir. 2003). Moreover, to the extent Plaintiff claims that his job placements denied him access to the courts, Plaintiff has failed to establish an "actual injury" arising from this alleged denial of access to the courts, as required by *Lewis* and discussed *supra*.

Further, Plaintiff has failed to demonstrate that his job placement decisions were the result of retaliation. As discussed *supra*, to prevail on a retaliation claim under the First Amendment, a plaintiff must show that: (1) he engaged in a protected conduct; (2) a state actor took some adverse action against him; (3) the protected conduct was a "substantial" or "motivating" factor behind the adverse action; (4) the adverse action would chill a person of ordinary firmness from future exercise of First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional goal. *See Rhodes*, 408 F.3d at 567-68. Plaintiff has failed to allege the third factor—that his filing of grievances was the substantial or motivating factor behind his particular job placements. Plaintiff has alleged only sparse facts which do not demonstrate a causal connection between his filing of grievances and his job assignments.

### 4. Cell Search

Plaintiff states that SATF staff searched his cell often without a reason for the search in

14

retaliation for filing prison grievances and for his "charges." (Doc. No. 34 at 6). Although the Fourth Amendment protects against unreasonable searches and seizures, this right has not been extended to searches of prison cells. The Supreme Court has held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell. The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984). Therefore, Plaintiff cannot gain relief on his claim to the extent he complains about cell searches in general. Further, Plaintiff has failed to allege facts that his filing of prison grievances were the motivating factor behind the allegedly retaliatory cell searches, as required by *Rhodes*, 408 F.3d at 567-68.

### 5. Legal Mail

Plaintiff states that SATF staff is responsible for "mail violations" including the opening of his legal mail and delivery violations in retaliation for filing prison grievances and for his "false child molestation charges." (Doc. No. 34 at 6). Plaintiff again only makes conclusory allegations without alleging any supporting facts. Further, to the extent Plaintiff alleges that the legal mail issues tampered his access to the courts, he has failed to allege an actual injury as required by *Lewis*. *See Marks v. Stewart*, 68 F. App'x 53, 54 (9th Cir. 2003) (Where plaintiff made only "conclusory allegations that prison officials interfered with mail," he "failed to show either that the named defendants were personally involved in the handling and distribution of his mail or that he suffered any actual injury as a result of prison officials' alleged interference with his prison mail," as required by *Lewis*.). Moreover, Plaintiff has failed to allege any facts that could demonstrate that the mail issues were a result of retaliation, as required by *Rhodes*— Plaintiff has failed to show that his filing of grievances was a substantial or motivating factor behind the mail issues. *See Rhodes*, 408 F.3d at 567-68.

### F. Claim 7: Covid-19 Protocols

In his final claim for relief, Plaintiff alleges SATF is disregarding "proper COVID-19

protocols" because it is filling cells to a maximum capacity, allowing contact sports to be played, is not enforcing a mask mandate for staff, and is not testing quarantined inmates. (Doc. No. 34 at 7). Plaintiff does not identify any Defendant responsible for these actions, nor does he allege any injury of threatened injury. At most, Plaintiff disagrees with decisions being made by officials in connection with COVID-19.

"The COVID-19 pandemic is 'unprecedented,' and no one questions that it poses a substantial risk of serious harm to [prisoners]." *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. 2020) (citation omitted). However, "this risk is not unique to prisoners. This is a global pandemic, effecting millions of individuals worldwide." *Burgess v. Newsom*, No. 1:21-cv-00077-SAB (PC), 2021 U.S. Dist. LEXIS 169364, at *11 (E.D. Cal. Sep. 7, 2021). To state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that SATF staff have not done enough to control the spread of COVID-19. *See, e.g., Sanford v. Eaton*, No. 1:20-cv-00792-BAM (PC), 2021 U.S. Dist. LEXIS 59949, at *15 (E.D. Cal. Mar. 29, 2021) (explaining that "in order to state a cognizable Eighth Amendment claim against the warden, associate wardens and the other defendants named, Plaintiff must provide more than generalized allegations that the warden, associate wardens and other defendants have not done enough regarding overcrowding to control the spread" of COVID-19); *Blackwell v. Covello*, No. 2:20-cv-01755 DB P, 2021 WL 915670, at *8 (E.D. Cal. Mar. 10, 2021) (concluding that "in order to state a cognizable Eighth Amendment claim against the warden, plaintiff must provide more than generalized allegations that the warden has not done enough to control the spread" of COVID-19).

As stated *supra*, Plaintiff alleges no facts as to how each Defendant was responsible for failing to implement COVID-19 protocols. Nor has Plaintiff demonstrated a causal link between each Defendant and the claimed constitutional violation. *See, e.g., Cedillos v. Youngblood*, No. 1:21-cv-00138-DAD-BAM (PC), 2021 U.S. Dist. LEXIS 115477, at *6-8 (E.D. Cal. June 21, 2021) (concluding that prisoner failed to state Section 1983 claims due to allegations of "failings in social distancing and unclean cells and showers" during COVID-19 pandemic, where plaintiff failed to allege causal link between defendants and violations); *Stephen v. Tilestone*, No. 2:20-cv-

1841 KJN P, 2021 U.S. Dist. LEXIS 16584, at *15-16 (E.D. Cal. Jan. 28, 2021) (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any particular defendant violated his rights). Rather, the FAC generalizes the actions of Defendants, without detailing any specific action of each Defendant. (*See* Doc. No. 34 at 7). Therefore, even if the response at SATF "has been inadequate, there are insufficient allegations to demonstrate that any particular Defendant disregarded a known risk or failed to take any steps to address the risk." *Burgess*, No. 1:21-cv-00077-SAB (PC), at *13.

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court finds that Plaintiff's FAC fails to state any claims against any Defendants. The Court explicitly notified Plaintiff in its previous screening order of the pleading requirements of civil rights complaints. (Doc. No. 15). Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies in claims 1-3 and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Arlow v. Cal. Dep't of Corr.*, 168 F. App'x 249, 250 (9th Cir. 2006) (district court's dismissal of first amended complaint was proper where plaintiff was given instructions to cure his pleadings but instead filed conclusory pleadings that lacked sufficient factual basis). Claims 1-3 of the FAC stem from general prison conditions rather than specific actions taken by specific prison staff. Thus, Plaintiff is unlikely to be able to cure the deficiencies in these claims. Because Plaintiff was already afforded an opportunity and advised how to cure these deficiencies and failed to do so in his FAC, the undersigned recommends that claims 1-3 be dismissed without leave to amend in this action. *Arlow v. California Department of Corrections*, 168 F. App'x 249, 250 (finding district court did not abuse discretion in dismissing amended complaint without leave to amend for failure to state a claim where prisoner plaintiff was given instructions and an opportunity to cure deficiencies in his original complaint and failed to cure deficiencies in his amended complaint).

Moreover, Plaintiff was directed, as addressed *supra*, to refrain from filing unrelated claims in his FAC. Instead, Plaintiff filed four new, unrelated claims. Because Plaintiff has a

"three striker" designation, it is presumable he filed these four unrelated claims and added these 24 additional defendants to his previous claims to avoid initiating separate actions and having to pay the filing fee for those actions as required for three strikers.³  Further, Local Rule 110 permits this Court to sanction a party for disobeying a court order.  Accordingly, the Court recommends that claims 4-7 be dismissed with prejudice.

Accordingly, it is **RECOMMENDED**:

The First Amended Complaint (Doc. No. 34) be dismissed without leave to amend.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  September 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

³ On August 7, 2019, this Court found that Plaintiff is a three striker under the PRLA.  *See Evans v. Sherman, et al.*, No. 1:19-cv-00818-LJO-BAM (E.D. Cal. Sept. 11, 2019) (Doc. No. 10).  By this Court's count, Plaintiff has filed at least 11 other prisoner civil rights complaints.  *See, e.g.*, *Evans v. Cal. Dep't. of Corrs. & Rehab.*, Case No. 2:17-cv-01891-JAM-KJN (E.D. Cal.) (dismissed on January 18, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); *Evans v. Cal. Dep't. of Corrs. & Rehab.*, Case No. 2:17-cv-01890-WBS-DB (E.D. Cal.) (dismissed on April 26, 2018 for failure to prosecute, following a screening order dismissing complaint for failure to state a claim); *Evans v. Suisun Police Dep't.*, Case No. 2:17-cv-01889-KJM-CMK (E.D. Cal.) (dismissed on August 7, 2018 for failure to state a claim).  2:17-cv-01888-AC (PC) Evans v. Harrison (E.D. Cal. Aug. 8, 2019) (voluntary dismissal after reaching settlement agreement).  Almost all of Plaintiff's actions have been dismissed for failure to state a claim, failure to comply with a court order, or failure to pay the filing fee.